UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES, | No. 2:23-cv-00663 KJM AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| PHILLIPA LAURSEN, et al., | |
| Defendants. | |

Plaintiff is currently housed at Napa State Hospital and is proceeding pro se. She has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the magistrate judge issued findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 15. The findings and recommendations indicate that in mid-May of this year, plaintiff was ordered to file a completed in forma pauperis application. *Id.* at 2. The findings also note that since then, plaintiff has been given multiple opportunities to comply with the court's order, but she has failed to do. *Id.* at 1-2.

On August 4, 2023, plaintiff filed objections to the findings and recommendations. Obj., ECF Nos. 17, 18. On the same day, plaintiff also filed another application to proceed in forma pauperis. Application, ECF No. 16. In accordance with the provisions of 28 U.S.C.

1

§ 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations were supported by the record and by the proper analysis at the time they were issued.

But plaintiff's most recent application creates some uncertainty regarding the status of plaintiff's paperwork: The application itself does not include the necessary certified copy of the trust account statement. *See* 28 U.S.C. § 1915(a)(1)-(2) (requiring both an affidavit regarding assets and a certified copy of trust account statement). However, it does contain a certificate from an authorized officer certifying plaintiff's average monthly balance over the prior six months was zero dollars and asking the appropriate individual to attach a certified copy of the trust statement. Application at 2. It seems the appropriate party – who is not plaintiff - has not provided the court with that certified statement.

If plaintiff is having difficulty obtaining the certified copy of her trust account statement from the appropriate officials, she may file an affidavit describing when she requested the document, whom she spoke to regarding the document and the response. *Rodriguez v. Core Civic*, No. 220-01251, 2020 WL 4193999, at *1 (D. Nev. July 21, 2020) ("Plaintiff's affidavit should include dates of his requests, dates of his follow-up requests, names of the prison officials that he spoke to about the matter, and their responses"). But as the magistrate judge noted, plaintiff has been given multiple opportunities to comply with the necessary requirements to proceed in forma pauperis, F&R at 1, so this will be plaintiff's last opportunity to do so. Plaintiff must file a single response within 31 days of the date of receiving this order providing a complete application (including the certified copy of the trust account statement) or an affidavit explaining why she has not attached the certified document. If plaintiff does not comply with this order, the court will dismiss plaintiff's case without prejudice. The court refers the matter back to the magistrate judge for all further pretrial proceedings.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued July 25, 2023, ECF No. 15, are denied;
2. The court directs plaintiff to file a response to this order within 31 days of receipt; and

/////

3. This matter is referred back to the assigned magistrate judge for further pretrial proceedings consistent with this order.

DATED: September 29, 2023.

CHIEF UNITED STATES DISTRICT JUDGE