UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Georgia Miles, | No. 2:23-cv-00663-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Phillipa Laursen, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, objects to the dismissal of her case, which this court construes as a motion to reconsider. For the reasons set forth below, the court **denies** plaintiff's motion.

Plaintiff filed a civil rights action under 42 U.S.C. § 1983. *See* First Am. Compl., ECF No. 7. On July 25, 2023, the magistrate judge recommended this action be dismissed without prejudice for failure to file an in forma pauperis application. *See* First F&Rs, ECF No. 15. Plaintiff filed objections, *see* Obj., ECF Nos. 17, 18, and an application to proceed in forma pauperis, *see* Appl., ECF No. 16. On October 2, 2023, the undersigned declined to adopt the magistrate judge's findings and recommendations given plaintiff's new application. *See* Prior Order (Oct. 2, 2023), ECF No. 21. Given uncertainty surrounding the status of plaintiff's paperwork, the undersigned provided plaintiff one final opportunity to comply with the requirements to proceed in forma pauperis. *Id.* at 2. Plaintiff responded, *see* Resp., ECF No. 23,

1

1    and the magistrate judge took plaintiff's response under consideration when issuing new findings
2    and recommendations, *see* Second F&Rs at 2, ECF No. 24.  The magistrate judge recommended
3    the undersigned dismiss this case without leave to amend because the first amended complaint did
4    not "state any claims for relief and it d[id] not appear the problems c[ould] be fixed." F&Rs at 5,
5    ECF No. 24.  The magistrate further recommended denying the application to proceed in forma
6    pauperis on the basis the action was frivolous.  *Id.* at 2.  Plaintiff then filed objections.  Obj., ECF
7    No. 26.  The undersigned carefully considered plaintiff's statements before concluding the
8    magistrate judge's findings and recommendations were supported by the record and by the proper
9    analysis.  *See* Prior Order (Mar. 28, 2024), ECF No. 27.  The court adopted the findings and
10   recommendations on March 28, 2024, *see* Prior Order (Mar. 28, 2024), and judgment was entered
11   the same day, *see* J., ECF No. 28.

12          Plaintiff then filed the instant motion objecting to the dismissal of her case.  *See* Mot. at 2,
13   ECF No. 29.  The court construes this request as a motion to reconsider.  Where, as here, the
14   court's ruling has resulted in a final judgment or order, a motion for reconsideration or relief from
15   judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule
16   60(b).  *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*,
17   871 F. 2d 803, 805 (9th Cir. 1989)).  A motion is construed as a motion to alter or amend
18   judgment under Federal Rule of Civil Procedure 59(e) if it is filed no later than 28 days after the
19   entry of judgment.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892,
20   898-99 (9th Cir. 2001).

21          Here, plaintiff filed her motion within 28 days after judgment was entered.  *See* Mot.
22   Accordingly, this court analyzes the motion under Federal Rule of Civil Procedure 59(e).  "Under
23   Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual
24   circumstances, unless the district court is presented with newly discovered evidence, committed
25   clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners*
26   *v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Similarly, Local Rule 230(j)(3)–(4) requires that a
27   movant seeking reconsideration identify "what new or different facts or circumstances" exist, or
28   any other grounds, to justify reconsideration of a court's prior order. E.D. Cal. R. 230(j)(3)–(4).

      Plaintiff's filing does not provide any justification for the court to reconsider the prior ruling. *See generally* Mot. While plaintiff's arguments include reference to the magistrate judge's first findings and recommendations, *see* Mot. at 3–5, these findings and recommendations were denied, and plaintiff was afforded an opportunity to respond, *see* Prior Order (Oct. 2, 2023). Ultimately, because plaintiff's application to proceed in forma pauperis was denied on the grounds the action was frivolous, plaintiff's arguments do not provide adequate grounds for reconsideration. Further, to the extent plaintiff contends the magistrate judge was biased against her and should have been recused from this case, this court reiterates that nothing in the record suggests such impartiality or that the magistrate judge has a personal bias or prejudice concerning plaintiff or any party. Accordingly, plaintiff's motion for reconsideration is **denied**.

      IT IS SO ORDERED.

DATED: April 22, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE